37  263
37  459

### B. M. CRUST V. SOLOMON EVANS, *et al.*

1. NEW TRIAL — *Motion, Considered Sufficient.* Where a motion for a new trial, perfect in every respect except that it is not signed by the party or his attorney filing it, is heard and overruled in the district court within less than three days after the verdict is rendered, and no objection is made in the district court because of any formal defects of the motion, *held,* that no such objection can be made for the first time in the supreme court, and the motion will be considered sufficient.

2. INCOMPETENT TESTIMONY — *Material Error.* In an action between C. and E., E. claimed that C. fraudulently purchased and procured the title to a certain piece of land, which E. claimed that he had the right to purchase; and, in order to prove the fraud of C., E. introduced the testimony of various witnesses to prove the statements of the owner of the land, made in the presence and hearing of such witnesses, but not in the presence or hearing of C., and made after the sale and conveyance of the land to C., and after the owner had parted with his title; and this testimony was introduced with the permission of the court, but over the objections and exceptions of C.: *Held,* Error.

*Error from Johnson District Court.*

ACTION by *Crust* against *Evans* and two others, to recover possession of the W. ½ of the N.W. ¼ of sec. 21, tp.14, range 25, in Johnson county.  Trial at the November Term, 1885, before I. O. P., judge *pro tem.*, and a jury, and judgment for defendants.  *Crust* brings the case here.  The material facts are stated in the opinion.

*John T. Burris,* for plaintiff in error.
*Frank R. Ogg,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: Nearly all the errors assigned in the present case are errors of law occurring at the trial; and such errors, in order to be properly saved for the supreme court, require that a motion for a new trial, properly embodying them, should be made, filed, heard and overruled in the trial court.  The defendants in error claim that the errors assigned

in the present case cannot be considered by the supreme court, for the reason that no proper motion for a new trial was ever filed in the district court. The record shows that the verdict of the jury was rendered on December 1, 1885; that a motion for a new trial was in fact filed on the same day; that it was heard and overruled on December 3, 1885, and that judgment was rendered in favor of the defendants in error, defendants below, and against the plaintiff in error, plaintiff below, on the same day. This motion as it appears in the record is complete and perfect in every particular, except that it is not signed by the plaintiff or his attorney. It shows, however, upon its face, that it was made by and for *B. M. Crust*, the plaintiff, and the journal entry of its final disposition shows that on the hearing of the motion the plaintiff, B. M. Crust, "appeared in person, and by his attorney, John T. Burris;" that the other parties also appeared in person and by their attorneys; that the motion was entertained and heard by the trial court in the same manner as other motions for new trials are usually entertained and heard by trial courts; and all this without the slightest objection being made to either the motion or to the hearing. The first objection made to the motion is now made in the supreme court. If the objection had been made in the district court, the plaintiff or his attorney would undoubtedly have corrected the motion by signing it; and undoubtedly he would have had the right to do so. The motion was heard and overruled in less than three days after the verdict of the jury was rendered, and therefore at the time of the hearing the plaintiff had the right, even without the leave of the court, to sign the motion, or to file another motion embodying the same grounds as the original; and the grounds for the new trial were amply set forth in the motion in this case. The point made by the defendants is wholly untenable. As all the parties and the court below treated the motion as sufficient, this court will also treat it as sufficient.

1. New trial — motion, considered sufficient.

The plaintiff's petition set forth a cause of action in the nature of ejectment. The defendants' answer contained a general denial, and also set up an equitable defense. It ap-

pears that on December 20, 1869, and prior thereto, the land in controversy belonged to On-ko-wath-kuk-bob, an Indian belonging to the Black-Bob band of Shawnee Indians; that on that day he conveyed the same by deed, through the chiefs of his tribe, to J. Henry Blake, which deed was afterward, and on April 15, 1884, duly approved by the secretary of the interior; that on December 4, 1883, the land was conveyed by Blake by warranty deed to Milton E. Clark, and that on April 2, 1884, the land was conveyed by Clark by warranty deed to the plaintiff, B. M. Crust. The land was worth at that time about $2,000, but by an agreement between certain settlers on the Black-Bob Indian lands and the parties who held the legal title thereto, the lands were to be conveyed to the actual settlers for about ten dollars per acre. Under such agreement, this particular piece of land was to be conveyed for $880; and both the plaintiff and the defendant claimed, and still claim, to be entitled under this agreement to procure the land and the deed therefor at that price; but, as before stated, Clark conveyed the land to the plaintiff, and the plaintiff paid him therefor $880. One of the principal questions involved in this case, and the principal one litigated at the trial, was, whether the deed from Clark to the plaintiff was procured by the fraud of the plaintiff, or not. Probably the defendants were better entitled under the agreement to have the land sold and conveyed to them, than the plaintiff was to have the land sold and conveyed to him, but the plaintiff in some manner procured the sale and conveyance to himself, possibly fraudulently, possibly rightly; and which, is the main question involved in the case. The defendants, in order to show that the plaintiff procured the sale and conveyance to himself fraudulently, introduced the testimony of various witnesses to show what Clark had said about the matter on various occasions, at different times, and on divers days, after the execution and the delivery of the deed. None of these statements of Clark were made in the presence or hearing of the plaintiff Crust; and all the testimony concerning them was permitted to be introduced over the objections and the exceptions of the plaintiff. Of course

2. Incompetent testimony; material error.

Crust v. Evans.

this was error, and it was material error; and to make it still more potent in its effect upon the jury, the court erroneously instructed the jury as follows:

"You have the right to take into consideration the statements made by Clark soon after the delivery of the deed to Crust conveying the land in controversy, together with all the other evidence in the case, in order to determine whether or not the deed conveying the land in controversy was obtained by fraud."

There is no theory upon which the foregoing evidence could rightfully be introduced, or upon which the foregoing instruction could rightfully be given. After Clark sold and conveyed the property to Crust, he (Clark) could no longer bind Crust, or affect his rights, by any statements which he (Clark) might make concerning Crust, or concerning the deed, or concerning the property conveyed.

We have said that, probably, under the agreement between the settlers and the parties holding the legal title to the Black-Bob lands, the defendants had the better right to purchase the land in controversy; but nevertheless Crust in fact purchased the same, and procured the conveyance thereof to himself, and thereby obtained the legal title thereto; and Clark seems to be satisfied. And from the case as now presented, it seems to be at least doubtful whether the defendants can possibly make out a sufficient equitable title to overcome Crust's legal title. This question, however, as the case is now presented, cannot be determined by us.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.